UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KENNETH STREATER, an individual,                    Case No. 6:16-cv-01611-AA
                                                    OPINION AND ORDER
            Plaintiff,

       v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and FIRST
AMERICAN TITLE COMPANY, as
Successor Trustee,

            Defendants.

_____

AIKEN, Judge:

       Plaintiff brought suit alleging violations of the Oregon Trust Deed Act. *See* Or. Rev. Stat.

§ 86.705, *et seq*. Plaintiff contends that the foreclosure and trustee sale of his property was

without legal authority and is void. Plaintiff seeks a declaration restoring his interest in the

property, costs and attorney fees. Defendant First American Title Company (FATC) moves to

dismiss plaintiffs' claims against it for failure to state a claim. The motion is granted in part and

denied in part.

1    - OPINION AND ORDER

BACKGROUND

Plaintiff alleges the following facts in his Complaint.

In 2002, plaintiff purchased property located on the McKenzie Highway in Vida, Oregon, pursuant to a promissory note issued by Homecomings Financial Network, Inc. The note was secured by a deed of trust. The deed of trust identified the beneficiary as Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for the lender, Homecomings Financial Network.

In 2011 and 2012, plaintiff experienced financial hardship and missed several monthly mortgage payments on the note. Ultimately, GMAC Mortgage, LLC, (GMAC) initiated judicial foreclosure proceedings, allegedly on behalf of then-beneficiary and defendant Federal National Mortgage Association (Fannie Mae).

In July 2013, plaintiff and GMAC reached a settlement agreement in lieu of foreclosure. During negotiations, plaintiff informed GMAC that he did not receive mail at the property's address, and the relevant Settlement Agreement identifies plaintiff's mailing address as P.O. Box 1716, Redmond, Oregon.

In August 2015, Fannie Mae, acting through FATC as successor trustee, initiated non-judicial foreclosure proceedings by recording a Notice of Default and Election to Sell. FATC also issued a Trustee's Notice of Sale and indicated a sale date of December 15, 2015. The Notices of Default and of Sale identify MERS as the beneficiary, as indicated on the original deed of trust. Certificates of Compliance, filed in accordance with Oregon foreclosure avoidance statutes, identify either Green Tree Servicing, LLC, or DiTech Financial, LLC, as the beneficiary. Plaintiff alleges that at the time, Fannie Mae had acquired the note and was the actual beneficiary of the deed of trust.

The Notice of Default includes addresses to which the Notices were sent; plaintiff's Redmond post office address was not included.

On December 15, 2015, plaintiff's property was sold pursuant to a trustee's sale and a deed was recorded in favor of Fannie Mae on March 4, 2016. Plaintiff alleges he had no actual notice or knowledge of the trustee sale until May 2016, when he attempted to sell the property to a bona fide purchaser. Plaintiff then filed this suit.

DISCUSSION

Defendant FATC moves to dismiss plaintiff's claims against it, arguing that plaintiff's allegations fail to state a claim under the Oregon Trust Deed Act (OTDA). When reviewing a motion dismiss under Fed. R. Civ. P. 12(b)(6), the court construes a complaint in favor of the plaintiff, and its well-pleaded factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the court need not accept "conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences." *Id.* Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In his First Claim for Relief, plaintiff alleges that Fannie Mae and FATC failed to comply with the OTDA, in that the Notice of Sale failed to identify the true beneficiary, Fannie Mae, and instead identified MERS, an entity with no beneficial interest in the trust deed. *See* Or. Rev. Stat. § 86.771(1) (the notice of sale must "list the names of the grantor, trustee and beneficiary in the

3   - OPINION AND ORDER

trust deed"); *Brandrup v. ReconTrust Co.*, 353 Or. 668, 689, 303 P.3d 301 (2013) ("[T]he 'beneficiary' is the lender to whom the obligation that the trust deed secures is owed or the lender's successor in interest. Thus, an entity like MERS, which is not a lender, may not be a trust deed's 'beneficiary,' unless it is a lender's successor in interest."); *Fed. Nat'l Mortg. Ass'n v. Goodrich*, 275 Or. App. 77, 87, 364 P.3d 696 (2015) (MERS "had no beneficial interest in the trust deed and could not validly transfer legal title to the trust deed") (citing *Brandrup*, 353 Or. at 704-05). FATC argues that the OTDA requires only that the Notice of Sale identify the original beneficiary identified in the initial deed of trust – in this case, MERS – and need not identify any successor beneficiary. As a result, FATC argues that the notice in this case complied with the OTDA, regardless of whether MERS could have acted as a beneficiary.

I find that Oregon law precludes plaintiff from challenging the trustee sale based on the alleged misidentification of the beneficiary in the Notice of Sale. Granted, § 86.771(1) provides that a notice of sale must identify the "beneficiary," and language in *Brandrup* suggests that the notice should identify the actual beneficiary at the time of sale. *Brandrup*, 353 Or. at 700, 303 P.3d 301 ("[T]he OTDA is laced with provisions that indicate that the grantor is entitled to know the identity of the [true] beneficiary.... [U]nder ORS 86.745(1), a notice of sale must include the name of the 'beneficiary.'"). Further, plaintiff is correct that MERS cannot be a beneficiary for purposes of the OTDA, unless it is a successor in interest to the lender and is the party to whom the grantor's obligation is owed. *Brandrup*, 353 Or. at 689, 303 P.3d 301.

Regardless, the fact that a notice of sale incorrectly identifies the beneficiary is not grounds to invalidate a trustee sale. The Oregon Court of Appeals has ruled that "ORS 86.797 does not mandate strict compliance with every provision of the OTDA for a trustee's sale to be

valid." *DiGregorio v. Bayview Loan Serv., LLC*, 281 Or. App. 484, 490, 381 P.3d 961 (2015).[1] The court noted that the OTDA "specifically carves out provision of notice…as a requirement to the finality of foreclosure." *Id.* at 491, 381 P.3d 961. The court thus reasoned that the "legislature's decision to specifically carve out the provision of notice…as affecting the validity of a trustee's sale implicitly undermines the notion…that *any* defect in the foreclosure process undermines the foreclosure sale at a later date." *Id.* Accordingly, the court held that a plaintiff who receives notice of a trustee sale "cannot bring a post-sale challenge based on her assertion that the trustee's notice of sale does not correctly identify the beneficiary." *Id.* at 489, 494, 381 P.3d 961.

Rather, the plaintiff must assert a "fundamental" flaw in the trustee sale, such as lack of notice or the absence of a validly appointed trustee, to assert a post-sale challenge. *Id.* at 493-94, 381 P.3d 961; *see also Woods v. U.S. Bank, N.A.*, 831 F.3d 1159, 1166 (9th Cir. 2016) ("Technical defects that do not have a substantial impact on grantors' rights – as  in this case, where the trustee's sale notice lists the wrong beneficiary – are not significant enough to warrant upsetting the finality of a trustee's sale. In contrast, violations of subsections that grant substantive rights – such as the right to personal service and advance notice – can support post-sale challenges.") (footnote omitted); *Mikityuk v. Nw. Trustee Servs., Inc.*, 952 F. Supp. 2d 958, 969-70 (D. Or. 2013); *Angels Alliance Group, LLC v. ReconTrust Co., NA*, 617 Fed. App'x 740, 742 (9th Cir. July 6, 2015) ("[A] post-sale challenge must be based on lack of notice or on some other fundamental flaw in the foreclosure proceedings, such as the sale being completed without the borrower actually being in default.").

---

[1] "ORS § 86.797 'establishes the legal effect of a trust deed foreclosure sale on those to whom notice' of the sale has been given." *DiGregorio*, 281 Or. App. at 490, 381 P.3d 961 (quoting *NW Property Wholesalers, LLC v. Spitz*, 252 Or. App. 29, 34, 287 P.3d 1106 (2012)).

Here, while plaintiff alleges lack of notice in his Third Claim for Relief, his First Claim for Relief is a post-sale challenge based on the argument that the Notice of Sale does not identify the true beneficiary. Therefore, the reasoning of *DiGregorio* precludes this claim.

In his Second Claim for Relief, plaintiff alleges that Certificates of Compliance required by Oregon foreclosure avoidance statutes likewise failed to identify the proper beneficiary and rendered the subsequent trustee sale invalid. FATC moves for dismissal of this claim on grounds that the foreclosure avoidance requirements do not apply to trustees. In response, plaintiff does not dispute FATC's assertion but maintains that FATC must be joined as a necessary party.

In 2013, the Oregon legislature enacted several foreclosure avoidance provisions with which a beneficiary must comply before pursuing foreclosure through a trustee sale. Generally, a beneficiary must "request a resolution conference with the grantor before the beneficiary or the trustee files a notice of default." Or. Rev. Stat. § 86.726(1)(a). After the conference, the "service provider" is required to issue a "certificate of compliance" to a beneficiary who complied with certain foreclosure avoidance requirements, submitted necessary materials to the service provider, appeared at a foreclosure resolution conference, and signed a document with terms of agreed foreclosure avoidance measures. *Id.* § 86.736(1)(a). A trustee may not proceed with foreclosure through advertisement and sale unless the beneficiary has recorded a "valid and unexpired" certificate of compliance. *Id.* § 86.752(4)(a) ("A trustee may not foreclose a trust deed by advertisement and sale ... unless ... [t]he beneficiary has filed for recording...[a] certificate of compliance that a service provider issued to the beneficiary under ORS 86.736 that is valid and unexpired at the time the notice of default is recorded").

Here, plaintiff maintains that the recorded Certificates of Compliance were invalid because they misidentified the beneficiary as either Green Tree Servicing, LLC or DiTech

6    - OPINION AND ORDER

Financial, LLC. However, if misidentification of the beneficiary in a notice of sale cannot support a post-sale challenge to a trustee's sale, I fail to understand how a similar misidentification in a Certificate of Compliance can support such a claim under the reasoning in *DiGregorio*. Moreover, plaintiff identifies no authority allowing him to bring a post-sale challenge on this ground. Accordingly, the motion to dismiss is granted on this claim.

Finally, in his Third Claim for Relief, plaintiff alleges that service of the Notice of Sale was invalid and that he did not receive actual notice of the trustee sale. Under the OTDA, a trustee sale must comply with two unconditional requirements: 1) notice of the sale to interested parties, and 2) execution of the sale by a trustee. *DiGregorio,* 281 Or. App. at 492-93, 381 P.3d 961; *Wolf v. GMAC Mortg., LLC*, 276 Or. App. 541, 546, 370 P.3d 1254 (2016). Here, plaintiff alleges that the Notice of Sale was sent to the incorrect address after he provided an updated mailing address. As a result, plaintiff maintains that he did not receive actual notice of the trustee sale until he tried to sell the property in May 2016, and that the lack of notice renders the trustee sale invalid. *See* Or. Rev. Stat. § 86.756(1) (trustee must give notice of sale and potential remedies "to the grantor by both first class and certified mail with return receipt requested"); *id.* § 86.764(1),(2)(a) (a trustee must serve or mail the notice of sale "by both first class and certified mail with return receipt requested" to "the last-known address" of the grantor).

FATC moves for dismissal of this claim on grounds that plaintiff fails to present affidavits showing that: 1) the trustee did not give him the required notice; 2) plaintiff could have and would have cured the default on the mortgage loan; and 3) plaintiff sustained actual damages as a result of the lost opportunity to cure the default. *See* Or. Rev. Stat. § 86.767(2) (a person entitled to notice "under ORS 86.764(c)(2)" may bring an action against the trustee if the person did not receive notice, "could have and would have cured the default," and sustained damages

7    - OPINION AND ORDER

from the loss of opportunity to do so). Consequently, in the absence of such evidence, FATC argues that plaintiff's claim must be dismissed. *Id.* § 86.767(3) (to avoid summary dismissal of a claim against a trustee, the person entitled to notice "under ORS 86.764(c)(2)" must present "affidavits or other evidence" showing that the person "had the financial ability to cure the default" before the trustee sale and would have done so if the required notice had been given).

Plaintiff responds that his remedy is not limited to damages and that the trustee sale "may be set aside and voided" if he did not receive actual notice of the sale, citing *NW Wholesalers, LLC v. Spitz*, 252 Or. App. 29, 287 P.3d 1106 (2012). Pl.'s Response at 13. However, in that case, the Oregon Court of Appeals simply held that a trustee sale did not terminate or foreclose the grantor's interest in the property when the grantor was not served with notice of sale. *Id.* at 41, 287 P.3d 1106. As expressly set forth by statute, a grantor's interest, while not foreclosed, is nevertheless limited. Under § 86.671, a grantor who does not receive notice has "the same rights possessed by the holder of a junior lien or interest who was omitted as a party defendant in a judicial foreclosure proceeding." Or. Rev. Stat. § 86.761(1). In other words, the grantor "only has the same rights as those of a junior lien holder who had an interest in the property and who did not receive notice of the sale. These rights do not include the right to void the sale[.]" *Woods*, 831 F.3d at 1165; *Mikityuk*, 952 F. Supp. 2d at 967 ("For example, although the legislature included the notice provisions to protect the grantor from wrongful foreclosure, a failure to give notice to the grantor does not result in a void sale."). Further, a junior lien holder -- and by extension, a grantor -- generally must show the ability to redeem the property. *Woods*, 831 F.3d at 1166; *Baricevic v. Mortg. Elec. Registration Sys.*, 2014 WL 297091, at *3 (D. Or. Jan. 24, 2014).

With that said, it is unclear whether the requirements and remedies under § 86.767 apply to grantors who do not receive notice of a trustee sale. This statute expressly applies to the failure to give notice "to a person entitled to notice *under ORS 86.764(2)(c)*." *Id.* § 86.767(1)-(3),(6) (emphasis added). A person entitled to notice under § 86.764(2)(c) is one who "has a lien or interest subsequent to the trust deed if the lien or interest appears of record or the beneficiary has actual notice of the lien or interest." *Id.* § 86.764(2)(c). In contrast, the grantor in the trust deed is identified as a person entitled to notice under § 86.764(2)(a). This Court recognized the distinction in *Mikityuk*, explaining:

> The right to redeem and the right to pursue a claim for damages against the trustee are the sole rights available to an omitted party (other than the grantor) entitled to notice. ORS 86.742(6). Although the OTDA expressly allows one other than the grantor to bring an action against the trustee, ORS 86.742(2), the OTDA does not grant that same right to a grantor who fails to receive notice, ORS 86.739.

*Mikityuk*, 952 F. Supp. 2d at 967-68 (discussing former ORS §§ 86.742 and 86.739, renumbered as §§ 86.767 and 86.761, respectively); *see also Vida v. OneWest Bank*, 2010 WL 5148473, at *8 (D. Or. Dec. 13, 2010) ("Section 6 [of ORS 86.742], as Vida points out, refers specifically to persons entitled to notice under ORS 86.740(1)(c), which mandates notice to junior or subsequent lien holders. Vida is the grantor in the trust deed and is not a junior or subsequent lien holder. Therefore, ORS 86.742(6) does not provide that her sole remedy is under that statute.") (discussing former ORS §§ 86.742 and 86.740, renumbered as §§ 86.767 and 86.764, respectively). Likewise, in *Baricevic*, this Court noted that a grantor's rights were limited to those of a junior lienholder, who "would be required to exercise their right of redemption within 60 days after the date of sale," citing §§ 18.964 and 88.080 rather than § 86.767 or former § 86.742. *Baricevic*, 2014 WL 297091, at *3.

At the same time, the decisions in *Woods* and in other District of Oregon cases suggest that the requirements and remedies of § 86.767, formerly § 86.742, apply to a grantor who did not receive notice. *See Woods*, 531 F.3d at 1165 (a grantor who did not receive notice has "the right to sue the trustee for damages," citing ORS § 86.742); *Moreno v. Bank of Am.*, 2012 WL 1462338, at *5-6 (D. Or. Apr. 27, 2012); *Stations West, LLC v. Pinnacle Bank*, 2007 WL 1219952, at *6-7 (D. Or. Apr. 23, 2007). The parties in this case did not raise or address the issue of whether § 86.767 is applicable to grantors who do not receive notice of a trustee sale.

Even if § 86.767 applies in this case, plaintiff alleges that he had a bona fide buyer and was in the process of completing a sale of the property in the spring of 2016. Construing the alleged facts in plaintiff's favor, they raise an inference that plaintiff could have arranged an earlier sale to redeem the property had he received notice of the trustee sale. Further, I will not require affidavits or other evidence at this early stage of the proceedings. Instead, FATC may renew its motion after initial discovery and explain why § 86.767 applies in this case.

CONCLUSION

Defendant FATC's Motion to Dismiss (doc. 5) is GRANTED in part. Plaintiff's First and Second Claims for Relief against FATC are dismissed. The motion is DENIED in all other respects.

IT IS SO ORDERED.

Dated this 30th day of November, 2016.

Ann Aiken
United States District Judge

10    - OPINION AND ORDER