IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KENNETH STREATER, an individual,

        Plaintiff,

   v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and FIRST
AMERICAN TITLE COMPANY, as
Successor Trustee,

        Defendants.

Case No. 6:16-cv-01611-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Defendants, Federal National Mortgage Association ("Fannie Mae") and First American Title Company ("FATC"), each separately move this Court for orders of summary judgment on claims filed by plaintiff, Kenneth Streater. (Docs. 16 and 23). For the following reasons, defendants' Motions for Summary Judgment are GRANTED.

Page 1 – Opinion and Order

## BACKGROUND

This case arises from a non-judicial foreclosure of a deed of trust on land owned by Plaintiff situated at 49687 and 49701 McKenzie Highway, Vida, OR 97488 ("the McKenzie Property"). Pl.'s Compl. ¶ 1. Plaintiff alleges that he purchased the McKenzie Property in 2002 under a promissory note issued by lender, Homecomings Financial Network, Inc., and that this note was secured by a deed of trust that identified Mortgage Electronic Registration Systems, Inc. ("MERS"), as the beneficiary. *Id.* at 2-3. Plaintiff alleges he then experienced financial difficulties between 2011 and 2012 that resulted in several missed monthly payments on the mortgage note. *Id.* at 7-8. These missed mortgage payments gave rise to judicial foreclosure proceedings with non-party GMAC Mortgage, LCC ("GMAC"), which ultimately led to a settlement agreement in 2012 in lieu of foreclosure. *Id.* at 9, Ex. 1. Plaintiff alleges by this time the agreement was made on behalf of another beneficiary, Fannie Mae. *Id.*

Despite these efforts, in August 2015 the McKenzie Property again went into foreclosure. *Id.* at 11, Ex. 2. This time, FATC initiated non-judicial foreclosure proceedings, acting on behalf of beneficiary Fannie Mae as the successor trustee. *Id.* FATC initiated these proceedings by recording a Notice of Default and Election to Sale and sending a copy of the notice to several addresses associated with plaintiff. Specifically, FATC sent copies of the notice to plaintiff's physical address in Redmond — 2606 SW 58th St., Redmond, OR 97556-95551 — as well as both addresses associated the McKenzie Property, and a separate P.O. Box located in Sisters, Oregon, which was listed on the second priority Deed of Trust and particular tax records identifying plaintiff.[1] *Id.* at 7. Plaintiff complains, however, that FATC did not send a copy to

---

[1] The Sisters, OR address is as follows: Kenneth Streater, PO Box 1965, Sisters, OR 97759.

P.O. Box 1716, Redmond, OR, which was referenced in the 2012 settlement agreement. *Id.* at 13, Ex. 2. Plaintiff avers that this was his only mailing address and defendants knew it to be so.

These facts form the basis of plaintiff's complaint, where he alleges that defendants failed to comply with the requirements of the Oregon Trust Deed Act ("ODTA") by not adequately providing notice of the sale. Plaintiff requests that this Court grant declaratory judgment in his favor "setting aside, voiding, and invalidating the non-judicial foreclosure" and restoring his interest in the McKenzie Property based on the inadequate notice. Pl's. Compl. ¶ 10. Defendants subsequently filed timely motions for summary judgment now before this Court.

## STANDARD

Summary judgment must be granted where the moving party demonstrates there is "no genuine dispute as to any material fact." FRCP 56(a). Specifically, a "genuine issue" of material fact arises where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 324 (1986).

## DISCUSSION

Plaintiff's first two claims for relief against FATC were previously dismissed by this Court. *See Streater v. Fed. Nat'l Mortg. Ass'n*, 224 F. Supp. 3d 1113, (D. Or. 2016). Based on that decision, plaintiff submits that he voluntarily withdraws his first and second claim for relief against Fannie Mae as well. Pl. Resp. in Opp'n 1. Thus, the only remaining issue before this Court on summary judgment is whether defendants adequately complied with OTDA's notice requirements.

*FATC's Motion for Summary Judgment*

FATC moves for summary judgment against plaintiff's claim for relief based on inadequate notice under the OTDA. Specifically, plaintiff argues the Notice of Sale distributed by FATC was deficient because a copy was never mailed to the Redmond P.O. Box address listed in the 2012 settlement agreement. FATC counters that it was not required to send a copy of the notice to that address and that it adequately complied with notice requirements of the OTDA. For the following reasons, FATC is correct.

FATC acts as a trustee under Oregon law and, as such, is bound by notice provisions in the OTDA. Oregon Revised Statute ("ORS") 86.764. That provision is as follows: "[a]fter recording a notice of default as provided in ORS 86.752, and at least 120 days before the day the trustee conducts the sale, notice of the sale with the contents described in ORS 86.771 must be served pursuant to [Oregon Rules of Civil Procedure] 7 D(2) and 7 D(3) or mailed by both first class and certified mail with return receipt requested."[2] OR 86.764(1). To be clear, the notice of default is not at issue here, nor is the content of FATC's notice of sale.

Rather, plaintiff argues that he simply never received the notice of sale. This argument hinges on the claim that FATC failed to provide notice at plaintiff's "last-known address."[3] ORS 86.764(2). The question of what a trustee knows is, at least initially, one of fact. Plaintiff during

---

[2] This section of the OTDA has been amended by the Oregon Legislature. S.B. 381, 79th Leg. (Or. 2017). However, these changes apply only to notices mailed on or after the amendments' enactment.

[3] ORS 86.764(2) provides that:
The notice described in subsection (1) of this section must be served or mailed to the last-known address of the following persons or the legal representatives of the persons, if any:
(a) The grantor in the trust deed.
(b) Any successor in interest to the grantor whose interest appears of record, or of whose interest the trustee or the beneficiary has actual notice.
(c) Any person, including the Department of Revenue or another state agency, that has a lien or interest subsequent to the trust deed if the lien or interest appears of record or the beneficiary has actual notice of the lien or interest.
(d) A person that requests notice as provided in ORS 86.806.

Page 4 – Opinion and Order

discovery sought to demonstrate that FATC learned of the Redmond P.O. Box address through its interactions with the beneficiary, Fannie Mae, which plaintiff alleges was the beneficiary at the time of the 2012 settlement.

The results of these efforts are inadequate to produce a genuine issue of material fact for trial. First, the mere existence of the 2012 settlement agreement does not establish that Fannie Mae received notice that the Redmond P.O. Box address was plaintiff's only mailing address or that it knew that plaintiff did not reside at either McKenzie Property.[4] Rather, the record merely shows that MERS was the beneficiary in 2002, and that Fannie Mae eventually became the beneficiary. In between those dates is the 2012 settlement agreement, which lists neither Fannie Mae nor MERS as the beneficiary.

Plaintiff has failed to produce any other documentation to show that Fannie Mae indeed was a party to that agreement. The only parties mentioned in the agreement are plaintiff and GMAC.[5] Even assuming, however, that Fannie Mae was the beneficiary at that time, plaintiff fails to establish additional factual connections that would link FATC to the address in 2012 settlement agreement. First, plaintiff offers no evidence that Fannie Mae ever received a copy of the settlement agreement from GMAC. Second, plaintiff offers no evidence that Fannie Mae ever provided FATC with the address information listed on that settlement agreement.

Plaintiff's argument is based on the notion that that Fannie Mae obtained a document with plaintiff's Redmond P.O. Box address on it from GMAC in 2012 and that it would have

---

[4] While the settlement agreement lists plaintiff as a party and the Redmond P.O. Box Address, the settlement agreement does not contain an express declaration that it is plaintiff's sole mailing address.

[5] The settlement agreement provides, in pertinent part, that "THIS SETTLEMENT AGREEMENT (this "Agreement") is dated as of July 12, 2013 (the "Effective Date"), and is made by and among GMAC, LLC, a Delaware limited liability company ("Lender") and Kenneth Streater ("Borrower")." Pl. Compl. Ex. 1 at 1.

Page 5 – Opinion and Order

then passed this information on to GMAC's successor, FATC, in 2015. This is an attenuated argument at best, without any evidence to link together the necessary chain of events.

In his responses to the motions for summary judgment, plaintiff does assert that he "specifically and explicitly both the servicer (non-party GMAC) and the beneficiary (Fannie Mae)" that his sole mailing address was the Redmond P.O. Box address and that he did not reside at the McKenzie Property. Pl.'s Resp. in Opp'n 10. While all inferences should be drawn in favor of the non-moving party, the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505. Plaintiff's allegation finds no evidentiary support in the summary judgment record. He fails to raise any significant contradictory evidence showing that the Redmond P.O. Box was objectively his last known address which FATC was required to use. Plaintiff simply has not met his burden to raise a genuine issue of fact. This argument fails because, based on the available evidence, no reasonable jury could find a verdict in favor of plaintiff.

Finally, even if plaintiff offered sufficient evidence that FATC knew of the address, his argument fails as a matter of law. The term "last-known address" on its face suggests that it means the most recent address known to the trustee. Opining on the meaning of the term last-known address, outside of the context the OTDA, Justice David Brewer of the Oregon Supreme Court noted that "[i]n sum, the last known address of a party . . . is the most recent place at which another party knows that the party can be found or communicated with." *Union Lumber Co. v. Miller*, 360 Or. 767,785-786, (2017). Here, plaintiff argues that a P.O. Box listed only once, on a document that was three years old at the time and to which FATC was not a party, ought to have been recognized as plaintiff's "last-known address." Clearly, it is possible that FATC could have chosen to rely on a more recent address known to it, even had it known of the Redmond P.O. Box address. The term "last-known address" has in the past been interpreted in

Page 6 – Opinion and Order

the context of a complaint against the Oregon Department of Revenue to mean "the address provided on the last Oregon income tax return filed by the taxpayer." *Morris v. Department of Revenue*, 320 Or. 579, 583-84 (1995). FATC correctly points out that in the present case, the address provided on plaintiff's 2014 and 2015 federal and state tax returns was not the Redmond P.O Box address but rather the second Redmond address — 2606 SW 58th St., Redmond, OR 97556-95551— where a notice of sale certainly *was* sent. Def.'s Reply 3. That same physical address also appeared on tax statements for plaintiff in both Deschutes and Lane County. Def.'s Mot. For Summ. J. 5-6. Moreover, plaintiff admitted in discovery that 2606 SW 58th St. address was his physical address for at least five years prior to January 1, 2017, and that during those five years he received mail at that location.[6]

It is not necessary to interpret the meaning of "last-known address" with regards to the OTDA, particularly in light of the Oregon Legislature's decision to change the provision's language to include all "last-known addresses." See *supra* note 2. This change eliminates any need in the future to decide among several known addresses. In the present case, notice of the sale needed only to be served at Plaintiff's last known address. ORS 86.764(3) expressly states that service is effective when the notice is mailed. It is not disputed that FATC mailed the notices by both first class and certified mail with return receipt requested as required by 86.764(1) to the addresses mentioned above. There is no evidence currently in the record, other plaintiff's bare assertion that FATC knew or should have known that the Redmond P.O. Box address was plaintiff's alleged sole address for receiving mail or that it should have been

---

[6] Plaintiff maintains that he did not receive any notice of sale documents at this address.

Page 7 – Opinion and Order

considered his last known address.[7] For these reasons stated above, FATC's motion for summary judgement on plaintiff's third claim for relief is granted.

*Fannie Mae's Motion for Summary Judgment*

Fannie Mae also moves for summary judgment against plaintiff in this case. Plaintiff's third claim against Fannie Mae is the same as it is against FATC; that is, that Fannie Mae failed to provide adequate notice to plaintiff under the OTDA.[8] This claim suffers the same evidentiary deficiencies as the notice claim against FATC. Crucially, Fannie Mae was not a party to the 2012 settlement, and plaintiff has not shown that Fannie Mae ever learned that the Redmond P.O. Box address was plaintiff's sole mailing address from GMAC. That aside, plaintiff's claim against Fannie Mae fails more simply as a matter of law.

The OTDA refers exclusively to the duties of the trustee, not the beneficiary, when stating the proper procedure for notice of sale. The relevant provision provides that "the trustee conducts the sale," before detailing how and where the notice of sale must be provided. ORS 86.764(1). This shows that it is the trustee, here FATC, who is tasked with providing notice. The section imposes no duty on the beneficiary to assist in this process; on the contrary, it lists the beneficiary as a party to whom proper notice must be provided. ORS 86.764(2)(b)-(c). Moreover, the section of the OTDA that addresses remedies for inadequate notice again refers solely to the efforts of the trustee. *See* ORS 86.767(1) ("If the trustee fails to give notice of the

---

[7] It is also noteworthy that in admitting that he did receive some mail at his 2606 SW 58th St. address, plaintiff somewhat belies his claim that the Redmond P.O. Box address was his only address for receiving mail.

[8] Given that plaintiff has represented that he voluntarily withdraws his first and second claim for relief, summary judgement is granted in favor of Fannie Mae on plaintiff's first and second claims for relief.

sale . . . ."). The word "beneficiary" does not appear anywhere in this section. Plaintiff attempts to read into this statute an implied duty on beneficiaries to assist in the notice process, and states what he believes to be the practice among trustees and beneficiaries: that "Fannie Mae directed FATC to send [the notices] and FATC, acting as trustee, could only send such notices at the request of the beneficiary under the [OTDA]." Pl.'s Resp. in Opp'n 7. But this belief is not borne out in the OTDA, nor does plaintiff cite any case law to support such a position. The language of the statute is clear that only trustees assume responsibility for providing notice.

Whether Fannie Mae was or was not involved in the notice process — facts that again are absent from the summary judgement record before me — is irrelevant under the OTDA. For these reasons, plaintiff's claim against Fannie Mae fails as a matter of law, and the motion for summary judgment is granted.

## CONCLUSION

Defendants' motions for summary judgment (docs. 16 and 23) are GRANTED. This action is dismissed, with prejudice. The request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 16th day of August, 2017.

_____
Ann Aiken
United States District Judge